The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY MADRID a married man, and NATALIE WEISBERG, a single woman,<br><br>Plaintiffs,<br><br>vs.<br><br>CERTAINTEED, LLC, a Pennsylvania limited liability company as successor-in-interest to CERTAINTEED CORPORATION, a Pennsylvania corporation,<br><br>Defendant. | Case No. 2:20-cv-01285-JCC<br><br>PLAINTIFFS' FIRST AMENDED COMPLAINT |

COMES NOW, Plaintiffs Gregory Madrid and Natalie Weisberg (collectively "Plaintiffs"), by and through their attorney of record Peryea Silver Taylor, PS, bring the following complaint against CertainTeed LLC as the successor-in-interest to CertainTeed Corporation ("CertainTeed") and allege as follows:

### I.   PARTIES

1.   Plaintiff Gregory Madrid is a married man residing in Maple Valley, Washington. He owns a home that was built in 2006 and roofed with Landmark shingles manufactured by CertainTeed.

PLTFS' 1ST AMENDED COMP 2:20-cv-01285-JCC
1 of 8
Peryea Silver Taylor
901 Fifth Avenue, Suite 820
Seattle, WA 98164
(206) 403-1933

2. Plaintiff Natalie Weisberg is a single woman residing in Maple Valley, Washington. She owns a home that was built in 2006 and roofed with Landmark shingles manufactured by CertainTeed.

3. Defendant CertainTeed LLC is a Pennsylvania limited liability company authorized to do business in Washington state. CertainTeed LLC is the successor-in-interest to certain assets and liabilities, including any liabilities arising from the claims in this action of CertainTeed Corporation. CertainTeed Corporation manufactured the shingles that are failing on the Plaintiffs' homes. Throughout this complaint "CertainTeed" will refer to both CertainTeed Corporation and CertainTeed LLC as its successor-in-interest, unless otherwise stated.

## II.   JURISDICTION AND VENUE

4. Jurisdiction in King County Superior Court is appropriate pursuant to RCW 2.08.010 because the amount in controversy is over $300.

5. Venue in King County Superior Court is appropriate pursuant to RCW 4.12.020 because this is the county where the action arose and pursuant to Civil Rule 82 because this is the county where the Plaintiffs reside.

## III.   FACTUAL ALLEGATIONS

6. Defendant CertainTeed manufactures roofing shingles, among other construction products.

7. Through its marketing and sales of its products such as on its website, brochures, and advertisements, CertainTeed represents to Washington consumers that its roofing shingles provide durable, long lasting protection for their homes.

8. For example, CertainTeed has represented the following about its shingles:

   a. "Landmark Series takes roofing to a higher level. It's engineered to outperform ordinary roofing in every category, keeping you comfortable, your home protected, and your peace-of-mind intact for years to come…."

PLTFS' 1ST AMENDED COMP 2:20-cv-01285-JCC

2 of 8

Peryea Silver Taylor
901 Fifth Avenue, Suite 820
Seattle, WA 98164
(206) 403-1933

      b. That its shingles provide "[f]our levels of high performance shingles offering the toughest materials and best warranty."

      c. That its shingles "assure[] … durability and security of [the consumer's] home for generations."

9. CertainTeed represents to homeowners that its shingles will be free of manufacturing defects for a long period of time – from 20 years to a lifetime.

10. CertainTeed's manufacturing plant in Portland, Oregon has a service area that includes Washington state.

11. CertainTeed's Landmark shingles are made with asphalt as the main ingredient. Limestone rock is processed into a fine limestone powder that is then mixed with the asphalt to make a product called filled coating. This coating is then applied to a fiber glass mat to create the base sheet for the shingles.

12. Next up come the shingle granules. Rock that has been sized for use as granules is put through a process where a specialty ceramic coating is applied. The coating is colored so that the granules create the desired shingle colors, and these granules are designed to maintain their appearance for the life of the shingle.

13. A thin coating of sand is applied to the base sheet as it is fed into a press that embeds the granules. Afterward, a strip of sealant is applied to the sheet to give the shingles protection against wind damage.

14. The design and manufacture of CertainTeed's Landmark shingles were defective.

15. The defects in the shingles caused them to degranulate prematurely, which causes the shingles to become bald in places. Significant degranulation of the shingles results in exposure of the underlying asphalt to ordinary sunlight, which in turn causes the shingles to degrade rapidly and certainly faster than if the granules properly adhered. And as the asphalt degrades the roof begins to leak.

16. The defects are due to a manufacturing error and are not the result of faulty installation or the environment.

17. These defects are latent and not readily apparent to typical Washington consumers, like Mr. Madrid or Ms. Weisberg.

18. In 2011, an unusual number of homeowners with Landmark shingles began to make warranty claims against CertainTeed.

19. In 2011, one of CertainTeed's territory managers in the Pacific Northwest wrote to the manager of technical services that he believed "we are on the leading edge of a significant number of granule loss complaints" based on the number of complaints he had been fielding.

20. In 2012, CertainTeed's Oregon territory manager reported that he believed degranulation was "a much bigger issue" and that "the majority of these problems have not been discovered yet."

21. In late 2013 or 2014 CertainTeed launched an investigation into the cause of the degranulation. But in the end it was unable to identify a specific cause for the granule loss.

22. As of December 2017, CertainTeed had received approximately 1,000 claims related to the Landmark shingles, which had been installed between 2004 and 2007.

23. CertainTeed deceptively and unfairly prevented Mr. Madrid and Ms. Weisberg from learning of the defects in its Landmark shingles.

24. For example, CertainTeed would insist on confidentiality agreements from homeowners as a condition of fixing their roof. The confidentiality agreements were meant to prevent other Washington consumers from learning about the defect in the Landmark shingles on the homes they own or may own in the future.

25. CertainTeed would also threaten roofing professionals with litigation or other adverse consequences should they reveal the defects in the Landmark shingles to homeowners.

PLTFS' 1ST AMENDED COMP 2:20-cv-01285-JCC
4 of 8

Peryea Silver Taylor
901 Fifth Avenue, Suite 820
Seattle, WA 98164
(206) 403-1933

26. CertainTeed would also claim that faulty installation, poor maintenance, or the average lifespan of the shingles were reasons for the shingles' failure as a means of deceptively covering up the fact that the Landmark shingles were defective.

27. All applicable statutes of limitation have been tolled because of CertainTeed's wrongful conduct, and CertainTeed is estopped from relying on any statute of limitation as a consequence of its wrongful conduct.

28. Because of CertainTeed's action, Mr. Madrid and Ms. Weisberg did not discover the defects in the Landmark shingles on their home until after they purchased their properties.

29. Mr. Madrid did not discover any problems with his Landmark shingles until 2019, when he noticed other homeowners in his neighborhood getting their roofs replaced. It was then that he learned of the class action, *Wetzel v. CertainTeed Corp.*, Case No. C16-1160 JLR, in the Western District of Washington ("Wetzel") that alleged that Landmark shingles were defective.

30. Ms. Weissberg did not discover until 2016 or 2017 that her Landmark shingles were deteriorating. The company that cleaned her gutters told her of the degranulation. It was then that she learned of the *Wetzel* class action.

31. The statute of limitations for both Mr. Madrid's and Ms. Wetzel's claims has been tolled by the pendency of the *Wetzel* class action, from July 22, 2016 through March 29, 2019, when class certification was denied.

32. CertainTeed has refused to replace or repair Mr. Madrid's or Ms. Weisberg's complaints and claims about the defective Landmark shingles on their roofs.

33. As a proximate cause of CertainTeed's conduct, Mr. Madrid and Ms. Weisberg have been actually damaged and otherwise injured in their property.

   a. Mr. Madrid and Ms. Weisberg paid an inflated price for their homes as the homes' price did not account for the fact that the Landmark shingles were defective.

PLTFS' 1ST AMENDED COMP 2:20-cv-01285-JCC

5 of 8

Peryea Silver Taylor
901 Fifth Avenue, Suite 820
Seattle, WA 98164
(206) 403-1933

  b. Mr. Madrid and Ms. Weisberg will have to incur costs to inspect their roofs to determine how far the damage has progressed, whether there is any damage to the underlying structure of their roof, and what remaining useful life of the roofs, if any, exists.

  c. Mr. Madrid and Ms. Weisberg will incur costs to repair or replace the defective shingles and remedy any underlying structural damage.

### IV. FIRST CLAIM FOR RELIEF

**VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT**
**(Deceptive Business Practices, RCW 19.86 *et seq*.)**

1. Plaintiffs incorporate each of the preceding paragraphs is if fully set forth herein.

2. CertainTeed is a "person" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1), and conducts "trade" and "commerce" in Washington within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(2).

3. Plaintiffs are "persons" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1).

4. CertainTeed engaged in deceptive acts or practices by failing to disclose the latent manufacturing defects in its Landmark shingles. CertainTeed knew as early as 2011 that Landmark shingles were likely to suffer degranulation and fail; yet CertainTeed failed to notify any of its customers or roofing contractors of the latent defect and actively tried to keep the defects secret.

5. CertainTeed's deceptive acts or practices have occurred in their trade or business and were and are capable of deceiving a substantial portion of the public.

6. The facts that CertainTeed failed to disclose to Plaintiffs are material because whether the Landmark shingles were free from defects or not substantially affected the price Plaintiffs paid for their homes.

7. As a direct and proximate result of CertainTeed's deceptive acts or practices, Plaintiffs suffered injury in fact and economic loss because they paid more for their property than that property would have been worth if the disclosure had been given.

8. Plaintiffs are therefore entitled to actual damages, treble damages pursuant to RCW 19.86.090, costs of suit, including a reasonable attorney's fee, and such further relief as the Court may deem proper.

## V. SECOND CLAIM FOR RELIEF

**VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT**
**(Unfair Business Practices, RCW 19.86 *et seq*.)**

9. Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

10. CertainTeed is a "person" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1), and conducts "trade" and "commerce" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(2).

11. Plaintiffs are "persons" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1).

12. CertainTeed engaged in unfair acts or practices by refusing to compensate Mr. Madrid or Ms. Weisberg whose roofs have failed before their expected 30-year life because of a known manufacturing defect.

13. CertainTeed's acts or practices of refusing to compensate Plaintiffs for their defective roofs offends public policy as it has been established by statutes, regulations, the common law or otherwise.

14. CertainTeed's unfair acts or practices have occurred in their trade or business and were and are capable of injuring a substantial portion of the public.

PLTFS' 1ST AMENDED COMP 2:20-cv-01285-JCC

7 of 8

Peryea Silver Taylor
901 Fifth Avenue, Suite 820
Seattle, WA 98164
(206) 403-1933

15. As a direct and proximate result of Defendants' unfair acts or practices, Plaintiffs and Class members suffered injury in fact and lost money because they paid more for their property than that property was worth.

16. Plaintiffs and the Class are therefore entitled to actual damages; treble damages pursuant to RCW 19.86.090; costs of suit, including a reasonable attorneys' fees; and such further relief as the Court may deem proper.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

A. An award to Plaintiffs and the Class members of compensatory and treble damages up to $25,000, including interest, in amounts to be proven at trial;

B. An award of attorneys' fees and costs, as allowed by law, including but not limited to attorneys' fees and costs pursuant to RCW 19.86 *et seq.*;

C. An award of pre-judgment and post-judgment interest, as provided by law;

D. Leave to amend the complaint to conform to the evidence adduced at trial; and

E. Such other or further relief as the Court deems just and proper.

Dated: September 16, 2020

PERYEA SILVER TAYLOR

Mary B. Reiten, WSBA #33623
901 Fifth Ave., Suite 820
Seattle, WA 98164
Email: mreiten@pstlawyers.com
Tel: 206-403-1933
Attorney for Plaintiffs

PLTFS' 1ST AMENDED COMP 2:20-cv-01285-JCC

8 of 8

Peryea Silver Taylor
901 Fifth Avenue, Suite 820
Seattle, WA 98164
(206) 403-1933