THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY MADRID, a married man, and NATALIE WEISBERG, a single woman,<br><br>  Plaintiffs,<br>    v.<br><br>CERTAINTEED, LLC, a Pennsylvania limited liability company as successor-in-interest to CERTAINTEED CORPORATION, a Pennsylvania corporation,<br><br>  Defendant. | CASE NO. C20-1285-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' amended motion to compel further responses and documents (Dkt. No. 37). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

I.     BACKGROUND

Plaintiffs Gregory Madrid and Natalie Weisberg are neighbors who own homes built in 2006 roofed with Landmark shingles manufactured by Defendant CertainTeed. (Dkt. No. 8 at 1–2.) In 2015 or 2016, the company that cleans Ms. Weisberg's gutters told her that the shingles on her roof were showing signs of degranulation, which can cause the roof to degrade faster than it would otherwise. (*Id.* at 3–5.) In 2019, Mr. Madrid noticed other neighbors replacing their roofs.

1  (*Id.* at 5.) A neighbor told him about a class action lawsuit filed by Paula and Joel Wetzel
2  alleging that CertainTeed's Landmark shingles were defective. (*Id.*) *See Wetzel v. CertainTeed*
3  *Corp.*, Case No. C16-1160-JLR (W.D. Wash. 2016). Afterward, Mr. Madrid and Ms. Weisberg
4  both requested that CertainTeed repair or replace their shingles but CertainTeed refused. (*See*
5  Dkt. No. 8 at 5.)
6    Plaintiffs then filed the instant suit in which they allege that CertainTeed knew that its
7  Landmark shingles are defective but covered it up and that the coverup violates Washington's
8  Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86 *et seq*. (*Id.* at 6–8.) Specifically,
9  Plaintiffs allege that CertainTeed received "an unusual number" of warranty claims for
10 Landmark shingles and required homeowners to sign confidentiality agreements before fixing
11 their roofs so that others would not learn about the defective shingles. (*Id.* at 4–5.) Plaintiffs now
12 argue that CertainTeed should pay them for the difference between what they paid for their
13 homes, on the understanding that the shingles on their roof were not defective, and the current
14 value of their homes, with the allegedly defective shingles. (*Id.* at 7–8.)
15   In January 2021, Plaintiffs served their First Interrogatories and Requests for Production
16 in which they sought, among other information: (1) deposition transcripts from *Wetzel*, (2) the
17 identities of all deponents in *Wetzel* and the topics on which they were deposed, (3) certain
18 documents filed under seal in *Wetzel*, and (4) settlement agreements between CertainTeed and
19 homeowners who submitted warranty claims. (Dkt. Nos. 43 at 4, 43-3 at 9, 12, 13.) CertainTeed
20 objected to these requests as "vague, overly broad, [and] unduly burdensome." (*See* Dkt. No. 43-
21 3 at 9, 12, 13.) CertainTeed also objected to producing information subject to the stipulated
22 protective order or filed under seal in *Wetzel*. (*See id.* at 13.) Plaintiffs now move to compel
23 CertainTeed to produce this information.
24 **II.  DISCUSSION**
25   **A.  Legal Standard**
26   As the Court has repeatedly indicated, discovery motions are strongly disfavored. *See,*

ORDER
C20-1285-JCC
PAGE - 2

1  *e.g.*, *Lillywhite v. AECOM*, 2020 WL 4501596, slip op. at 2 (W.D. Wash. 2020); *Williams v.*
2  *Perdue*, 2020 WL 1703787, slip op. at 1 (W.D. Wash. 2020). Nevertheless, the Federal Rules of
3  Civil Procedure provide that a party may move to compel the production of discoverable
4  information. *See* Fed. R. Civ. P. 37(a)(1). "Parties may obtain discovery regarding any
5  nonprivileged matter that is relevant to any party's claim or defense and proportional to the
6  needs of the case." Fed. R. Civ. P. 26(b)(1). The Court has "[b]road discretion" over whether to
7  compel discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). A party that moves to
8  compel "bears the burden of demonstrating that the information it seeks is relevant and that the
9  responding party's objections lack merit." *Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383, 390
10 (W.D. Wash. 2017).

    **B.     Analysis of Discovery Requests**

            1.      Deposition Transcripts from *Wetzel*

Plaintiffs seek "all deposition transcripts from the *Wetzel* case." (Dkt. No. 37 at 6.) CertainTeed argues that none are relevant, that portions are subject to the protective order in *Wetzel* or are under seal, and that more generally Plaintiffs' request is overbroad. (Dkt. No. 42 at 1, 4–5.) The Court does agree that production of "all" of the transcripts would be overbroad. *See King Cnty. & Merrill Lynch & Co., Inc.*, 2011 WL 3438491, slip op. at 3 (W.D. Wash. 2011) (holding that parties are not entitled to "cloned discovery" from other litigation and must show that the particular documents sought are relevant to the present litigation). But production of the deposition transcripts for the five CertainTeed employees referenced in Judge Robart's order—Walton, Ivers, Roach, Stahl, and Deaton—is not. Moreover, they are relevant to this action. The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation. . . . Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003).

CertainTeed argues that it need not produce these deposition transcripts because it

marked them as confidential under the protective order in *Wetzel* and filed portions of them under seal. (*See* Dkt. No. 42 at 7–9.) This argument is not persuasive. CertainTeed can produce deposition transcripts of its own witnesses without violating the protective order because CertainTeed was the producing party. Moreover, to the extent CertainTeed raises confidentiality objections, those issues are addressed by the *current* stipulated protective order. (*See* Dkt. No. 24.)

For the foregoing reasons, the Court ORDERS CertainTeed to produce unredacted transcripts of the Walton, Ivers, Roach, Stahl, and Deaton depositions.

2.   List of Deponents and Deposition Topics from *Wetzel*

Plaintiffs seek a list of all deponents from *Wetzel* and the topics on which they were deposed. (Dkt. 37 at 6.) They argue that this information is relevant and likely to lead to discoverable evidence because *Wetzel* and this case are similar. (*Id.* at 7.) The Court agrees that a list of CertainTeed deponents and their job titles is relevant to Plaintiffs' claims and is not unduly burdensome for CertainTeed to create. Fed. R. Civ. P. 26(b)(1). At the same time, the Court agrees with CertainTeed that producing a list of the topics on which each witness was deposed is unduly burdensome, particularly because the Court is already compelling CertainTeed to produce many of those deposition transcripts.

Therefore, the Court ORDERS CertainTeed to produce a list of the CertainTeed witnesses deposed in *Wetzel* and their job titles or a certification that no additional CertainTeed employees and witnesses were deposed beyond the five identified in Judge Robart's summary judgment order in *Wetzel*.

3.   Documents Filed Under Seal in *Wetzel*

Plaintiffs seek the following documents filed under seal in support of the *Wetzel* Plaintiffs' motion for class certification and their opposition to CertainTeed's motion for summary judgment: Exhibits 7, 8, 11, 17, 18, 20, 22, 23, 31, 33–41, 43, 44, 48–51, and 54. (Dkt. No. 37 at 1, 8.) Plaintiffs allege that Exhibits 7, 17, 20, 22, 23, and 48–50, which were filed by

*Wetzel* Plaintiffs with their response to CertainTeed's motion for summary judgment, include a CertainTeed memorandum, warranty data, and information about CertainTeed's confidentiality agreements with homeowners. (*Id.* at 4–5.) They argue these relate to CertainTeed's knowledge and "cover up" of the premature granular loss which supports Plaintiffs' CPA claims. (*See id.*) CertainTeed does not dispute the characterizations of these documents. (*See* Dkt. No. 42.) But it argues that these documents are not relevant to Plaintiffs' CPA claims because the Wetzels used these documents to support claims *other* than their CPA claims. (*Id.* at 4.) Regardless, based on the undisputed characterizations in this case and the descriptions provided in both the *Wetzel* plaintiffs' response and CertainTeed's reply, these exhibits are relevant to Plaintiffs' CPA claims.

Therefore, the Court ORDERS CertainTeed to produce Exhibits 7, 17, 20, 22, 23, and 48–50 of *Wetzel* Plaintiff's Declaration of Beth E. Terrell in support of Plaintiffs' Motion for Class Certification. CertainTeed need not produce Exhibits 8, 11, 18, 31, 33–41, 43, 44, 51, and 54 because Plaintiffs have failed to establish what they are or how they are relevant to this case. (*See* Dkt. No. 37 at 8–9.)

    4.  <u>Warranty Settlement Agreements</u>

Finally, Plaintiffs seek settlement agreements between CertainTeed and homeowners in three zip codes (98010, 98038, and 98042) who made warranty claims for their shingles. (Dkt. No. 37 at 10.) Plaintiffs argue these agreements are relevant to their claims because they will "show CertainTeed's pattern of covering up its defective product." (*Id*). CertainTeed does not dispute that these documents are relevant but objects to producing them because, it argues, they are not admissible under Federal Rule of Evidence 408 and the information is confidential. (Dkt. 42 at 10.) CertainTeed's Rule 408 argument is baseless. Documents "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Nor is CertainTeed's confidentiality argument persuasive. There is "no federal privilege preventing the discovery of settlement agreements and related documents." *Bd. of Trs. of Leland Stanford Junior Univ. v. Tyco Int'l*

1  *Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008). Moreover, the protective order in the current
2  litigation is sufficient to safeguard the confidentiality of these documents. CertainTeed also
3  argues that the request for "any" settlement agreement is overbroad because it is not limited to a
4  specific time frame, nor to warranty claims "related to granular loss of Landmark 30 shingles."
5  (Dkt. 42 at 10.) The Court agrees in part. Only settlement agreements related to granular loss
6  associated with the same kind of shingles that are on Plaintiffs' roofs are relevant.
7        Accordingly, the Court ORDERS CertainTeed to produce warranty settlement
8  agreements between CertainTeed and homeowners in zip codes 98010, 98038, and 98042 solely
9  regarding granular loss for Landmark 30 shingles.

## III.   CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiffs' amended motion to compel further responses and documents.

DATED this 3rd day of August 2021.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE